# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1911
_____

Farm Credit Services of America, PCA

*Plaintiff - Appellee*

v.

Cargill, Incorporated

*Defendant - Appellant*

------------------------------

Nebraska Bankers Association

*Amicus Curiae - Amicus on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted:  March 25, 2014
Filed:  May 2, 2014 **(Corrected 5-2-14)**

_____

Before LOKEN, BYE, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Farm Credit Services of America, PCA, had a security interest in corn delivered to Cargill, Inc. Farm Credit sued Cargill in replevin for the corn. The district court[1] granted Farm Credit summary judgment. Cargill appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Farm Credit made a loan to Bryan R. Stec, Susan M. Stec, and Stec Brothers, LLC. The loan was secured by Stec's 2010 corn crop. Farm Credit filed its interest with Nebraska's central filing system. *See* **Food Security Act (FSA) of 1985, 7 U.S.C. § 1631(e)** ("A buyer of farm products takes subject to a security interest created by the seller if . . . in the case of a farm product produced in a State that has established a central filing system, the buyer receives . . . written notice [and] does not secure a waiver."); **Neb. Rev. Stat. § 52-1301 et seq.** (establishing Nebraska's central filing system). Stec had a contract to deliver the 2010 corn to Cargill. Cargill receives a quarterly report of liens from the state system and did not obtain a waiver of Farm Credit's security interest.

Stec delivered some corn to Cargill before filing for bankruptcy. Cargill has not paid for the corn, claiming (1) that Stec breached its contract by not delivering the rest of the corn, and (2) Cargill's resulting damages exceed what it owes Stec for the corn it received. Farm Credit, as secured creditor in possession, sold Stec's remaining corn to a third party—at a higher price than Stec's contract. Farm Credit brought a replevin action against Cargill, seeking the corn Cargill received. The district court granted summary judgment to Farm Credit, ruling that its security interest under the FSA entitles it to proceeds from the corn delivered to Cargill.

Summary judgment is appropriate when, construing the evidence favorably to the nonmoving party, there is no genuine issue of material fact and the moving party

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

is entitled to judgment as a matter of law. **Fed. R. Civ. P. 56**; *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 775 (8th Cir. 1995). Summary judgment is subject to de novo review, drawing all reasonable inferences in favor of the nonmoving party. *Wenzel v. Missouri-American Water Co.*, 404 F.3d 1038, 1039 (8th Cir. 2005).

Cargill argues that U.C.C. § 9-404 controls, not the FSA. Section 9-404 gives an account debtor offset rights against an assignee of the account. As relevant here:

> (a) Unless an account debtor has made an enforceable agreement not to assert defenses or claims, . . . the rights of an assignee are subject to:
>
> > (1) all terms of the agreement between the account debtor and assignor and any defense or claim in recoupment arising from the transaction that gave rise to the contract; and
> >
> > (2) any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives a notification of the assignment authenticated by the assignor or the assignee.
>
> (b) Subject to [further subsections of § 9-404], the claim of an account debtor against an assignor may be asserted against an assignee under subsection (a) only to reduce the amount the account debtor owes.

**Neb. Rev. Stat. U.C.C. § 9-404**. *See* **Neb. Rev. Stat. U.C.C. § 9-109 cmt.14** ("[S]ection 9-404 . . . affords the obligor on an account, chattel paper, or general intangible the right to raise claims and defenses against an assignee (secured party)."). According to Cargill, (1) Stec breached the corn-delivery contract, (2) Farm Credit is Stec's assignee, (3) to the extent Farm Credit has a claim directly against Cargill, Cargill is an "account debtor" that may offset Farm Credit's claim against Cargill's damages, and (4) since Cargill's damages exceed the value of the corn Cargill received, Cargill does not owe Farm Credit anything for the corn.

Although the U.C.C. defines the word "account" broadly, it requires "a right to payment of a monetary obligation." **Neb. Rev. Stat. U.C.C. § 9-102(a)(2)**. Farm Credit sued to recover the corn (or its proceeds), not to collect on a "right to payment" such as Stec's accounts receivable. Section 9-404 does not apply. *United States v. Handy & Harman*, 750 F.2d 777, 786 (9th Cir. 1984) ("By its terms § 9318 [now § 9-404] allows a defense only to the suit based on the assignment of the account. Section [9-404] does not apply when the suit is for repossession or conversion since the basis for a conversion suit is the secured party's superior property interest in the inventory itself, not the assignment of the account held by the debtor."); *In re Calore Express Co., Inc.*, 288 F.3d 22, 45 (1st Cir. 2002) (noting that U.C.C. § 9-404 "applies to the assignment of accounts receivable"); *Zions First Nat'l Bank v. Christiansen Bros., Inc.*, 66 F.3d 1560, 1565 (10th Cir. 1995) ("The relative rights of account debtors and assignees of accounts receivable are set out in [§ 9-404] of the UCC."); *Maine Farmers Exch., Inc. v. Farm Credit of Maine, A.C.A.*, 789 A.2d 85, 88 n.7 (Me. 2002) ("Even though Article 9 usually refers to a creditor with a security interest as a 'secured party,' a secured party with a security interest in accounts is the 'assignee' under [§ 9-404]."). *See, e.g.*, *In re Apex Oil Co.*, 975 F.2d 1365, 1367 (8th Cir. 1992) (applying § 9-404 to accounts receivable); *Commerce Bank, N.A. v. Chrysler Realty Corp.*, 244 F.3d 777, 779 (10th Cir. 2001) (similarly applying § 9-404); *First Nat'l Bank of Boston v. Thomson Consumer Elecs., Inc.*, 84 F.3d 397, 400 (11th Cir. 1996) (similarly applying § 9-404); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1188 (7th Cir. 1990) (similarly applying § 9-404).

Cargill's sale of the corn does not switch Farm Credit's suit from one seeking corn, to one seeking a right to payment on an account. *See Handy & Harman*, 750 F.2d at 787 ("Cash proceeds are not 'accounts' within the meaning of the code, . . . [§ 9-404] is thus not applicable."); *Battle Creek State Bank v. Preusker*, 571 N.W.2d 294, 300-01 (Neb. 1997) (upholding a conversion action for proceeds from sale of collateral). *Cf. Consolidated Nutrition, L.C. v. IBP, Inc.*, 669 N.W.2d 126, 130-31 (S.D. 2003) (distinguishing collateral *from* proceeds when the buyer took farm

products free of a security interest under the FSA). Likewise, Stec's breach does not cut off Farm Credit's security interest in the corn. *See Handy & Harman*, 750 F.2d at 786 ("It is only when the security interest has been cut off . . . and the financer must resort to an action on the account that [§ 9-404] may become a bar to complete satisfaction."); **Neb. Rev. Stat. U.C.C. § 9-402** ("The existence of a security interest, . . . without more, does not subject a secured party to liability in contract or tort for the debtor's acts or omissions.").

Cargill faults Farm Credit for obtaining a higher price when it sold the corn it seized, claiming that this negates any damages Farm Credit suffered from Cargill's retention of the corn. But, Farm Credit did not assume a delivery contract when it extended credit. It was free to sell the corn to a third party at a higher price. *See* **Neb. Rev. Stat. U.C.C. § 9-610(a)** ("After default, a secured party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation."); **Neb. Rev. Stat. U.C.C. § 9-610 cmt.2** ("This section encourages private dispositions on the assumption that they frequently will result in higher realization on collateral.").

Cargill characterizes Farm Credit's suit as a "priority dispute" governed by the U.C.C. and not the FSA, citing the Nebraska Supreme Court's decision in *Battle Creek State Bank*. That court did say that "the FSA is not meant to preempt or interfere with other provisions of the U.C.C. regarding the creation, perfection, and priority of security interests." *Battle Creek*, 571 N.W.2d at 300. The court said this to emphasize that a U.C.C. security interest may *protect* a lender even if it failed to comply with the FSA.

> [B]ecause the FSA was not intended to alter the perfection, creation, or priority of security interests under the U.C.C., the failure of the bank to list milk on the Nebraska [FSA] Effective Financing Statement did not act as a waiver of the bank's prior perfected security interest under the

U.C.C. Therefore, the Preuskers are liable to the bank for their conversion of the proceeds.

*Id.* at 302. Here, Cargill does not dispute that Farm Credit complied with the FSA. At any rate, to the extent the U.C.C. governs priority disputes as a foundation for the FSA, Cargill's argument fails because U.C.C. § 9-404 does not apply in this case.[2]

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

---

[2]In its own U.C.C. argument, Farm Credit claims that § 9-320(f) controls this dispute. Section 9-320(f) states, "No buyer shall be allowed to take advantage of and apply the right of offset to defeat a priority established by any lien or security interest." **Neb. Rev. Stat. U.C.C. § 9-320(f)**. Farm Credit raises this issue for the first time on appeal. This court declines to address it. *See **Wiser v. Wayne Farms**, 411 F.3d 923, 927 (8th Cir. 2005).